FILED
2021 DEC 21 AM 9:33
CLERK
U.S. DISTRICT COURT

THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| CASEY D. CAMPBELL,<br><br>　　　　　　　　　　Petitioner,<br><br>v.<br><br>DALLAS EARNSHAW,[1]<br><br>　　　　　　　　　　Respondent. | **MEMORANDUM DECISION AND ORDER TO AMEND DEFICIENT PETITION**<br><br>Case No. 2:21-cv-438-JNP<br><br>District Judge Jill N. Parrish |

Petitioner, inmate Casey Campbell, filed a *pro se* habeas-corpus petition, under 28 U.S.C § 2241. Reviewing the Petition, (ECF No. 1), the Court concludes that it must be amended to cure the below deficiencies if Petitioner wishes to further pursue his claims.

## DEFICIENCIES IN PETITION

The court finds the following deficiencies in Campbell's petition. The petition:

- does not name respondent, and
- does not state how execution of the sentence is unconstitutional.

## INSTRUCTIONS TO PETITIONER

Under Rule 8 of the Federal Rules of Civil Procedure, an initial pleading is required to contain "(1) a short and plain statement of the grounds for the court's jurisdiction," "(2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for

---

[1] Though Petitioner does not clearly name a respondent, "[i]f the petitioner is currently in custody under a state-court judgment, the petition must name as respondent the state officer who has custody." *Cf.* R. 2, Rs. Governing § 2254 Cases in the U.S. Dist. Cts. Petitioner states he is held at Utah State Hospital, where Dallas Earnshaw is superintendent. The Court thus construes Dallas Earnshaw as the respondent here.

the relief sought." FED. R. CIV. P. 8(a). The requirements of Rule 8(a) are intended to "give the [respondent] fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Pro se litigants are not excused from compliance with Rule 8's minimal pleading requirements. "This is so because a pro se [litigant] requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Moreover, the Tenth Circuit has counseled that it "do[es] not believe it is the proper function of the district court to assume the role of advocate for a pro se litigant." *Id.* Thus, the Court cannot "supply additional facts, nor . . . construct a legal theory for [petitioner] that assumes facts that have not been pleaded." *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989).

Here, Campbell's petition raises claims possibly based on the illegality of Petitioner's current confinement. However, Campbell apparently did not use the legal help to which he is constitutionally entitled, i.e., contract attorneys, in preparing the petition. *See Lewis v. Casey*, 518 U.S. 343, 356 (1996) (requiring prisoners be given "*adequate* law libraries or *adequate* assistance from persons trained in the law . . . to ensure that inmates . . . have a reasonably adequate opportunity to file nonfrivolous legal claims challenging their convictions or conditions of confinement") (citation omitted). Therefore, the court is unable to decipher what facts Petitioner alleges in order to determine whether Petitioner makes out a claim on which relief can be granted.

After reviewing Campbell's petition, the court offers the following general guidelines for Campbell to consider before refiling his petition:

a) The revised petition must stand entirely on its own and not refer to, or incorporate by reference, any portion of the original petition or any other documents previously filed by Petitioner. *See Murray v. Archambo*, 132 F.3d 609, 612 (10th Cir. 1998).

b) The Petitioner must clearly state the name of his custodian (the warden or ultimate supervisor of imprisonment facility) as the respondent. *See* R.2, Rs. Governing § 2254 Cases in the U.S. Dist. Courts.

c) Federal rules require the petition to:

   1. Specify all the grounds for relief available to the Petitioner;
   2. State the facts supporting each ground;
   3. State the relief requested;
   4. Be printed, typewritten, or legibly handwritten; and
   5. Be signed under penalty of perjury by the petitioner or by a person authorized to sign it for the petitioner under 28 U.S.C. § 2242.

   *See id.* at 2(c).

d) Petitioner may generally not bring civil-rights claims regarding conditions of confinement in a habeas-corpus petition.

e) Any claims about the Petitioner's underlying conviction and/or sentencing should be brought under 28 U.S.C. § 2254. In contrast, any claims about the execution of Petitioner's imprisonment should be brought under 28 U.S.C. § 2241.

f) Petitioner should seek help in preparing his initial pleadings from legal resources available where Petitioner is held.

## ORDER

The court hereby ORDERS that:

1) Petitioner shall have **until February 1, 2022** to cure the above deficiencies. In response to this Order, the Court will accept one document entitled, "Amended Petition." The Amended Petition shall include all issues, arguments, and citations in one document, with no reference to any other document. The Amended Petition is the only document the Court will review to determine whether to order Respondent to answer.

2) The Clerk's Office shall mail Petitioner a copy of the Pro Se Litigant Guide with a proper form petition and/or civil-rights complaint for him to complete, according to directions.

3) If Petitioner fails to timely cure the deficiencies noted above, as instructed here, the court will dismiss this action without further notice.

4) Petitioner must tell the Court of any address change and timely comply with Court orders. *See* DUCivR 83-1.3(e) ("In all cases, counsel and parties appearing pro se must notify the clerk's office immediately of any change in address, email address, or telephone number."). Failure to do so may result in this action's dismissal for failure to prosecute. *See* FED. R. CIV. P. 41(b) ("If the [petitioner] fails to prosecute or to comply with these rules or a court order, a [respondent] may move to dismiss the action or any claim against it.").

5) Extensions of time are disfavored, though the court may grant reasonable extensions. Petitioner must file any motion for a deadline extension no later than fourteen days before the deadline to be extended.

6) No direct communication is to take place with any judge. All relevant information, letters, documents, and papers, labeled with case number, are to be directed to the Clerk of Court.

**To reiterate, if Petitioner wishes to continue pursuing his claim, he must file one document entitled "Amended Petition" that meets the above requirements by February 1, 2022.**

DATED December 21, 2021.

BY THE COURT:

_____
JUDGE JILL N. PARRISH
United States District Court